IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TANYA SAUERMILCH PEREZ, | |
| Plaintiff, | **4:22CV3077** |
| vs. | |
| RICHARD KOPH, | **MEMORANDUM AND ORDER** |
| Defendant. | |

The plaintiff Tanya Sauermilch Perez ("Perez") filed a Complaint on May 4, 2022. Filing 1. She has been granted leave to proceed in forma pauperis. Filing 6. The court now conducts an initial review of the plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Perez filed her Complaint using the form Pro Se 1 Complaint for a Civil Case and names Senior United States District Judge Richard Kopf[1] as the sole defendant. The "Statement of Claim" consists of the following: "Honorable Richard Kopf was perplexed and I assumed thats why he mishandeled and commited misconduct of United Court Prosedureds or any levals of courts in calling the defend[ant] Randal Ashley perhaps more of the defendant[.]" Filing 1 at 4. In the section labeled "Relief," Perez writes, "Extortion political tourture suffering. No support And gross neglagance." *Id*. Perez does not ask for damages in her Complaint. *Id*. (identifying amount in controversy as "0"); *see also* Filing 5 at 3 ("My main objective is not I repeat <u>not</u> monitary gain but justice and liberty." (emphasis in original)).

---

[1] Judge Kopf's last name is misspelled in the Complaint. The court will utilize the correct spelling of Judge Kopf's name throughout this order.

Perez also submitted a letter to the court addressed to Chief United States District Judge Robert Rossiter, Jr., all Federal Judges of Lincoln including Judge Kopf, and Senior District Judge Joseph Bataillon. Filing 5. The letter is rambling and difficult to understand, but Perez appears to ask the court to take her personal circumstances into consideration and "revisit" her past complaints. *Id.* at 2. The court takes judicial notice that between October 13, 2020 and November 19, 2020, Perez filed 18 pro se cases in this court, none of which passed initial review.[2] As a result, on November 24, 2020, Judge Kopf found that Perez had abused the privilege of filing cases in forma pauperis and ordered her to show cause why the court should not impose filing restrictions upon her. Filing 5, Case No. 8:20CV489. Perez did not make the required good cause showing, and, on December 17, 2020, Judge Kopf imposed filing restrictions on Perez limiting her to filing one pro se case in forma pauperis in this court per month. Filing 8, Case No. 8:20CV489. Perez has filed three additional cases, including the present one, since the restrictions were imposed.[3]

---

[2] *See Sauermilch Perez v. State of Nebraska et al.*, 8:20-cv-00416-RGK-PRSE; *Sauermilch Perez v. Federal Bureau of Prisons*, 8:20-cv-00417-RGK-PRSE; *Sauermilch Perez v. Acosta et al.*, 8:20-cv-00418-RGK-PRSE; *Sauermilch Perez v. Ditrick et al.*, 8:20-cv-00419-RGK-PRSE; *Sauermilch Perez v. Moore*, 8:20-cv-00420-RGK-PRSE; *Sauermilch Perez v. State of Iowa et al.*, 8:20-cv-00422-RGK-PRSE; *Sauermilch Perez v. Wiggins*, 8:20-cv-00424-RGK-PRSE; *Sauermilch Perez v. Omaha Police Detectives*, 8:20-cv-00425-RGK-PRSE; *Sauermilch Perez v. Oasis Hotel*, 8:20-cv-00429-RGK-PRSE; *Sauermilch Perez v. Open Door Mission Lydia House*, 8:20-cv-00430-RGK-PRSE; *Sauermilch Perez v. Region 5 Nebraska et al.*, 8:20-cv-00431-RGK-PRSE; *Sauermilch Perez v. Walmart*, 8:20-cv-00432-RGK-PRSE; *Sauermilch Perez v. Rod Hornsby Real Estate*, 8:20-cv-00433-RGK-PRSE; *Sauermilch Perez v. Ashley Rentals et al.*, 8:20-cv-00448-RGK-PRSE; *Sauermilch Perez v. Burlington trailways et al.*, 8:20-cv-00471-RGK-PRSE; *Sauermilch Perez v. City of Omaha et al.*, 8:20-cv-00476-RGK-PRSE; *Sauermilch Perez v. Double Tree Hilton*, 8:20-cv-00477-RGK-PRSE; *Sauermilch Perez v. D.D.S. ODEM*, 8:20-cv-00489-RGK-PRSE. The court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it. *Id.*

[3] *See Sauermilch Perez v. Hilton Double Tree*, 4:22-cv-03050-RGK-PRSE; *Sauermilch Perez v. Chatholic Health Intuitive*, 4:22-cv-03051-RGK-PRSE.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders,* 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian,* 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

Perez named Judge Kopf, a federal district court judge, as the sole defendant in this action. Because Perez did not "expressly and unambiguously" state that Judge Kopf is sued in his individual capacity, the court assumes that he is sued only in his official capacity. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

The court has carefully reviewed Perez's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards

than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). Here, Perez's Complaint fails to meet this minimal pleading standard as the allegations against Judge Kopf are vague and nonsensical. Even if the court assumes that Perez seeks some type of relief against Judge Kopf based on his rulings in her previously-filed cases, sovereign immunity prevents the court from exercising jurisdiction over Perez's claims against Judge Kopf in his official capacity.

The doctrine of sovereign immunity provides that the United States is immune from suit unless Congress has expressly waived the defense. *See*, *e.g.*, *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Cohens v. Virginia*, 19 U.S. 264, 411-12 (1821) ("The universally received opinion is[ ] that no suit can be commenced or prosecuted against the United States[.]"). If sovereign immunity applies, the court lacks jurisdiction to entertain the offending suit. *See*, *e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). A lawsuit against a government official in his official capacity is tantamount to a suit against "an entity of which an officer is an agent[,]" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (internal quotation marks omitted) (quoting *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)); therefore, the sovereign immunity doctrine applies equally to the government itself and to any federal official sued in his or her official capacity. Congress may waive sovereign immunity, but any such waiver must be express. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

4

Here, Perez brought suit against Judge Kopf in his official capacity. Judge Kopf is part of the United States government for purposes of sovereign immunity. See *Graham*, 473 U.S. at 165–166. The United States clearly falls within the protective reach of sovereign immunity. There is nothing in the record to suggest the United States waived, or that Congress overrode, sovereign immunity here. Therefore, this court lacks jurisdiction over Perez's claims against Judge Kopf in his official capacity.

## IV. CONCLUSION

The court finds Perez's Complaint is subject to pre-service dismissal under 28 U.S.C. § 1915(e)(2). Because it does not appear that the pleading deficiencies can be cured, the court will not sua sponte grant Perez leave to amend. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719–20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a Rule 12(b)(6) motion to dismiss).

IT IS ORDERED:

1. This matter is dismissed without prejudice for lack of subject matter jurisdiction.

2. A separate judgment will be entered.

Dated this 20th day of July, 2022.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge